KOPPITZ-MELCHERS BREWING CO. v. BEHM.

130   649
142   ₃325
130   649
f143  ₄182

1. LIQUOR TAX—CUSTOM—EVIDENCE.

In an action by a brewing company against a saloon keeper to recover the liquor tax claimed to have been paid by the company for the latter, evidence to show that it was the custom for brewing companies to give the statutory liquor bonds of saloon keepers, and take the receipt for the tax and notice required by statute in their own names, to be used by others, is inadmissible.

2. SAME—UNLAWFUL CUSTOM.

A custom to violate the law would avail nothing if proved.

3. INTOXICATING LIQUORS — NONSEVERABLE CONTRACT — ILLEGAL CONSIDERATION.

An agreement that plaintiff should give the statutory saloon-keeper's bond, procure the tax receipt and notice in its own name, lease a building to defendant for a saloon, and sell him beer, and that defendant should procure a United States license, carry on the business of a saloon keeper in his own name, buy beer of plaintiff only, pay rent, and reimburse plaintiff for the liquor tax, is a nonseverable contract, and wholly void, since it provides that defendant shall carry on

the business of a liquor dealer without giving the bond required by law as an indemnity against his own illegal sales.

4. SAME—UNILATERAL CONTRACT—WANT OF CONSIDERATION.

A contract in writing signed by defendant only, providing that defendant should buy beer of plaintiff exclusively, rent a building of plaintiff for a saloon, and reciting as a consideration that plaintiff had advanced and loaned to defendant $500 for the payment of the liquor tax for defendant, is unilateral; and, it appearing that plaintiff paid the liquor tax and took receipt in its own name, there was no consideration, and the contract could not be enforced.

Error to Wayne; Carpenter, J. Submitted December 13, 1901. (Docket No. 220.) Decided June 3, 1902.

*Assumpsit* by the Koppitz-Melchers Brewing Company against Adolph Behm for goods sold and for rent. From a judgment for plaintiff on verdict directed by the court, defendant brings error. Reversed.

*James H. McDonald*, for appellant.

*L. C. Stanley*, for appellee.

HOOKER, C. J. The plaintiff, being owner of a building in the city of Detroit, rented it to the defendant for a grocery and saloon; and upon May 1, 1900, the defendant was in arrears about $135, according to plaintiff's testimony. A new arrangement was then made, under which the defendant continued business until the place was burned, on October 28, 1900. Under this arrangement plaintiff drew and delivered to the county treasurer its check for $500, and procured therefor a beer license, issued to itself, permitting it to sell beer upon the premises. This license was put up in the saloon conducted and owned by the defendant, who gave plaintiff his note for $500, and executed and delivered to the plaintiff the following writing (Exhibit A):

"DETROIT, May 1, 1900.

" *Whereas*, the Koppitz-Melchers Brewing Company, first party, has advanced and loaned to Adolph Behm,

second party, $500.00 towards paying the license fee of the second party as a liquor dealer under the laws of Michigan at No. 593 St. Aubin avenue, Detroit, Michigan: Now, in consideration thereof, the second party agrees to buy his beer for use in his said business exclusively from the first party for one year from this date, and to pay the first party $5.00 per barrel for such beer, cash, weekly, to the peddler. To this price for the beer shall be added and paid by the second party at least $2.00 for and on each barrel, payable at the same time in addition, until the whole sum of $500.00 so loaned, as aforesaid, shall have been repaid. The additional payment on each barrel of beer provided for the liquidation of the loan may be increased in amount from time to time, to the end that the entire loan shall be fully satisfied on or before May 1, 1901.

"And it is further agreed that, in addition to the above price specified and payments to be made, the second party agrees to pay for and on each barrel of beer, and at the same time, any additional revenue tax imposed by the government on beer in addition to the present tax of $2.00 per barrel.

"Witness the hand of the second party.

"In addition to above, rent of $20.00 per month, payable monthly in advance.

"ADOLPH BEHM.

"Witness: ARTHUR C. MELCHERS."

During the time that defendant occupied after May 1, 1900, he conducted a grocery and the saloon, sold beer purchased from the plaintiff, and made payments therefor, which were duly credited on plaintiff's books, upon which, at monthly intervals, charges for beer appear. On October 31st defendant was credited on the books with $250 for license returned, and it is explained that this credit was given by reason of his ceasing to do business then, owing to the destruction of the shop by fire. This action was brought by the plaintiff to recover a balance of $523 claimed to be due.

There is evidence tending to show that it was understood by the parties that the license was to be taken in plaintiff's name for the purpose of securing payment of the price advanced by it to the defendant. Plaintiff's counsel sought to show that it was a custom for brewing

companies to take licenses in their names, to be used by others, under similar circumstances. The testimony was properly excluded. A custom to violate the law would be ineffective if proved. Counsel also claimed and sought to show that it was agreed that the rent should be $25 per month, and that the sum of $20 rental was inserted in the writing by mistake.

The plaintiff claimed that the writing was not subject to contradiction or explanation by parol, and the defendant insisted that it was an illegal contract, and void. The court held that the writing was the only proper evidence of the contract; that it provided for the conduct of a saloon business by the defendant under a license that did not authorize it, being in the name of another; and that there could be no recovery of any unpaid part of the note given for the money advanced to pay the license. It was held that recovery might be had for the rent and beer sold to defendant. In determining the amount, the court found that defendant had paid $122.33 upon the license account, and the balance of said item, $127.66, was disallowed, leaving plaintiff entitled to $395.42, for which he rendered judgment. The defendant has appealed, maintaining that the entire contract was illegal and void, and that it will not support a judgment for any sum.

The undisputed proof in the case shows that it was mutually agreed orally by the parties that the plaintiff should lease a building for a saloon, sell defendant its beer, procure a license in its own name, and give the statutory saloon-keeper's bond, and that the defendant should procure the United States license, and carry on the business *in his own name*, purchase beer of the plaintiff only, pay $25 a month rent, and pay for the beer, and reimburse the plaintiff for the cost of the license. If it can be said that this was the contract, it was clearly illegal and void, for one cannot lawfully carry on such business without himself procuring authority by license, and giving a bond as indemnity against *his own* illegal sales and those of his agent. Such entire contract would be in contempla-

tion of these illegalities, and there would be no legal ground for treating it as severable, and thereby saving and treating as valid any part of it.

But it may be said that, after this full and complete oral agreement, the parties put their contract in writing. Exhibit A, which has been incorporated herein, is such writing. It is signed by the defendant, and upon its face shows only the things that the defendant was to do, and states as a consideration only a recital that the plaintiff has loaned the defendant $500 towards paying the defendant's license fee as a liquor dealer. It does not obligate the plaintiff to sell him any beer; it does not agree to lease him any premises, though he agrees to pay rent; it does not state that plaintiff is to procure a license or give a bond in its own name, under which the defendant should do business; and it is not signed by the plaintiff. The only consideration mentioned is shown to be false, for no loan towards paying a license fee of the defendant as a liquor dealer has been made or proposed. If, as contended by the plaintiff, this writing contains the entire contract, and cannot be varied or added to by parol, it is a unilateral contract, which only becomes binding when the consideration therein mentioned is paid. See 1 Beach, Cont. § 152, note. The proof is that there was no such consideration, and, if it be said that the defendant has accepted the procurement of a license in the name of the plaintiff as the consideration contracted for, it is a sufficient answer to say that it was no consideration, for it was valueless to any one except the plaintiff. If, however, as contended by the defendant, it was competent for the defendant to show the full agreement (and it is clear from the instrument itself that all does not appear therein), then the illegality of the whole transaction is made manifest, for it was made in contemplation of the violation of law. Under either theory, the plaintiff cannot recover upon the contract.

The judgment is reversed, and a new trial ordered.

Moore, Grant, and Montgomery, JJ., concurred. Long, J., did not sit.