# HENRY M. WALKER *vs.* BALDWIN & FRICK AND J. W. FRICK.

*Right of Unlicensed Real Estate Broker to Recover Commissions—Admissibility of Evidence—Appeal.*

Local Code, Art. 4, sec. 695, directs that real estate brokers in Baltimore City shall obtain and pay for a license authorizing them to carry on business, and sec. 696 provides that any person who shall act as a real estate broker without first obtaining a license shall be deemed guilty of a misdemeanor and on conviction shall be subject to a fine for each offense, but the statute does not declare invalid a contract made by an unlicensed broker. *Held*, that the object of the statute is to raise revenue and not to render illegal the contracts made by a broker acting without a license, and that consequently an unlicensed broker may recover compensation for services rendered by him.

In an action to recover commissions for effecting a sale of certain property for the defendant, a letter from a third party concerning a sale of the property written before the beginning of the negotiations by the plaintiff is inadmissible in evidence because relating to a collateral and irrelevant matter.

When the question as to whether all the necessary parties to an action were joined as parties plaintiff is not presented by any exception or ruling in the record, this Court is bound to assume that there was no ground for such objection.

Appeal from the Court of Common Pleas (STOCKBRIDGE, J.)

The cause was argued before MCSHERRY, C. J., BRISCOE, PAGE, BOYD, SCHMUCKER, JONES and BURKE, JJ.

*Walter I. Dawkins*, for the appellant.

*Albert C. Ritchie* and *Stuart S. Janney*, for the appellee.

BURKE, J., delivered the opinion of the Court.

This suit was instituted in the Court of Common Pleas by the appellant against the appellees to recover the sum of $1,125 which the plaintiff alleged was due him by the defendants under a special agreement for services rendered in connection

with the sale of certain property located at the northeast cor-
ner of Baltimore and Hanover streets in the city of Baltimore.
The agreement upon which the suit is based is stated in the
second count of the declaration to have been made about the
month of October, 1904, at which time the plaintiff was acting
as an unlicensed real estate broker in the city of Baltimore.
The case resulted in a judgment for the defendants, and the
plaintiff has prosecuted this appeal.

Two questions only are presented by the record.   One
arises upon the refusal of the Court to permit the plaintiff to
introduce certain testimony, and the other upon the action of
the Court in granting the defendants' fourth prayer which in
effect, upon the undisputed facts in the case, directed a ver-
dict for the defendants.   The plaintiff complains of the refusal
of the Court to permit him to offer in evidence a letter written
by Sylvanus Stokes to Louis Samanni.   It appears that Wal-
ker, sometime after the conflagration of 1904, conceived the
idea of building a hotel in Baltimore, and had done some work
towards the realization of this project.  ' Samanni undertook to
raise money for the purpose.   He secured subscriptions to the
extent of $85,000.   The scheme was abandoned, and the sub-
scriptions dropped.   The letter sought to be introduced had
reference to this hotel project.   It was wholly collateral and
irrelevant matter..  It tended to prove no issue involved.   The
defendants were in no manner concerned with the subject-
matter.   They had no knowledge of its contents, and were
not bound by any declarations which Stokes might make upon
the subject, and the Court was clearly right in refusing to ad-
mit it as evidence.

When the testimony on both sides had been concluded, the
plaintiff offered nine prayers, and the defendants submitted six.
The Court refused the defendant's first, second and third
prayers, and overruled the plaintiff's special exception to the
granting of the defendants' fourth prayer, which prayer the
Court modified, and granted as modified.   After granting the
fourth prayer, the Court declared that: "Inasmuch as the
granting of the fourth prayer of the defendants must neces-

sarily be attended by a rendition of the verdict for the defendants, it becomes unnecessary to rule upon the several prayers of the plaintiff, and on the fifth and sixth prayers of the defendants." To the action of the Court in granting the defendants fourth prayer, and in overruling the plaintiff's special exception thereto, and the refusal to rule on the several prayers of the plaintiff, the plaintiff excepted. No exceptions were reserved by the defendants.

The granted fourth payer which raises the main question in the case is as follows: "The defendants pray the Court to instruct itself sitting as a jury that it being the uncontradicted evidence in this case that the plaintiff at the time of the negotiations relied on in this case was carrying on the busness of real estate broker in Baltimore City, and that negotiations between the plaintiff and the defendants upon which the plaintiff relied constituted a part of his business within the purview of sections 698 to 700 inclusive, of the Baltimore City Charter, and since it further appears that the plaintiff did not obtain nor hold during that portion of the period covered by said negotiations the license required by said section, that he is, therefore, not entitled to recover, and the verdict of the Court sitting as a jury must be for the defendants."

*Sections 695* to *700* inclusive of the charter of Baltimore City (Act of 1898, ch. 123), relate to real estate brokers doing business in Baltimore City. By *section 696* it is provided that: "Any person, corporation or firm who shall carry on the business of real estate broker, or shall contract to act as such real estate broker by public advertisement, sign or otherwise, without such license first obtained, or who shall use or attempt to use the license of another with intent to evade the provisions of *sections 695* to *699* of this Article, shall be deemed guilty of a misdemeanor, and on conviction thereof shall be subject to and pay a fine or penalty of not less than two hundred dollars nor more than five hundred dollars for each offense; one-half thereof for the use of the State, and the other one-half thereof to the person or corporation that shall first prefer before the grand jury the charge against such offender; and any

person, corporation or firm who shall directly or indirectly act as real estate broker, or shall undertake the buying and selling of ground rents or real estate, or of chattels real, or the leasing of real estate or chattels real, or the negotiations of mortgage loans on real estate, or chattels real, or the collection of rents for others with a view to reward or compensation for such undertaking, shall be deemed to be carrying on the business of real estate broker within the meaning of said sections, and be subject to the fines or penalties herein prescribed."

The proposition asserted by the defendants' granted prayer is that, under the provisions of the charter which we have quoted, a contract, made in the city of Baltimore, by an unlicensed real estate broker carrying on the business therein, is null and void, and consequently no suit can be maintained thereon. This proposition has nothing to support it beyond the fact that the act of conducting the real estate brokerage business in Baltimore City, without first obtaining the required license, is declared to be a misdemeanor for which a penalty may, upon conviction, be imposed, because the law does not in terms declare the contract itself invalid. It is true, that as to many avocations or professions, the imposition of a penalty for an act is equivalent in legal effect to a prohibition of the act itself. In 9 *Cyc.*, 478, it is said that: "Where a license or certificate is required by statute as a requisite to one practicing a particular profession, an agreement of a professional character without such license or certificate is illegal and void. This is true for example of an agreement made by an unlicensed or uncertificated physician, an attorney at law, or a school teacher. The authorities are in accord on this point, where the license is required for public protection, and to prevent improper persons from acting in a particular capacity and not for revenue purposes only." But in cases where the penalty is imposed, not in denunciation or reprobation of the contract itself, but to insure the payment of the revenues to be derived from the business, while it must be admitted that there is great diversity of decisions upon the question, this Court

has followed the rule stated in 1 *Wharton on Contracts*, sec. 364: "When statutory conditions are imposed on the conduct of the business, agreements made without observing these conditions, if no stigma of wrong is attached to the specific transaction, and if it appears that the condition was imposed for merely administrative purposes, *e. g.*, the convenient collection of the revenue, it will not be held invalid. Hence, a contract of sale is not void, because the thing sold may be open to seizure under a license, or excise law, nor because the broker or peddler making the sale was not duly licensed, thereby exposing himself to a penalty."

This rule has the support of many English and American cases, and was distinctly recognized and approved by this Court in *Banks and Wife* v. *McCosker*, 82 Md. 518. In *Coates* v. *The Locust Point Company*, 102 Md. 291, this Court had under consideration the precise question involved in this case. It held that the portion of the city charter we have quoted is clearly a revenue measure, but that it does not declare invalid a contract made by one who is not licensed, or indicate that such should be the result.

The questions adverted to in the appellee's brief and discussed in the argument as to the non-joinder of Riordan as a co-plaintiff, and of the legal sufficiency of the plaintiff's evidence, are not presented by the record, and in the absence of exceptions contained in the record presenting these questions for review, we are bound to assume that the plaintiff's case is not opened to exception in these respects. *Livesy* v. *Miller*, 61 Md. 316.

For error in granting the defendant's fourth prayer, the judgment must be reversed.

> *Judgment reversed, and new trial awarded; the appellees to pay the costs.*