N. GOLDRING, *Plaintiff in Error*, v. AARON JOHNSON, *Defendant in Error*.

Opinion Filed April 29, 1913.

1.  The principle that no court shall aid men who found their cause of action upon illegal acts, is not only a well settled, but a most salutary principle.

2.  One may not recover for liquors sold under a contract requiring the buyer to resell the liquors under the former's license; the license being personal and transferable only by the permission of duly constituted authorities.

Writ of error to the Circuit Court for Escambia County.

Judgment affirmed.

*Avery & Price*, for Plaintiff in Error;

*E. C. Maxwell*, for Defendant in Error.

COCKRELL, J.—In an action for goods sold, there was judgment for the defendant.

It appears from the record that Goldring, a wholesale liquor dealer, was desirous to have Johnson conduct a retail liquor business in a store owned by Goldring in the

city of Pensacola. He entered into a contract with John-
son whereby it was agreed that the said Johnson should
lease the said building at a stipulated rental, buy all his
liquors at a satisfactory price from Goldring, and conduct
and own the business; but that the licenses, State and
Municipal, to conduct such business should be taken out
in the name of Goldring, to be paid for by Johnson. This
scheme is a clear violation of the statute, in that a license
to sell intoxicating liquors is personal, and can be trans-
ferred only by permission of duly constituted authorities,
and neither custom nor ignorance of the law can validate
the transaction.

In support of the plaintiff's claim to recover, reliance
is placed upon the doctrine of this court in Crescent Ins.
Co. of New Orleans v. Bear, 23 Fla. 50, 1 South. Rep. 318,
wherein cases are cited to support recovery by one party
to a share of the profits arising out of an illegal venture
already consummated; one of the parties to the venture
was not before the court, and it was readily conceded that
none of his rights could be adjudicated. The cases cited
from the Supreme Court of the United States have in
effect been overruled by that court, so the doctrine is
without weight.

More to the point is the language of this court in Cook
v. Fernandez, 11 Fla. 100: "The principle that no court
shall aid men who found their cause of action upon illegal
acts, is not only a well settled, but a most salutary prin-
ciple."

The gist of the contract, the basic foundation of the
action, is that Johnson should commit the illegal act of
selling intoxicating liquors in his own right under the
license issued to Goldring. The courts can best preserve
the law by refusing their aid to wilful violations of the

law.    The case of Koppiz-Melchers Brewing Co. v. Behm, 130 Mich. 649, 90 N. W. Rep. 676, is very close in point.

The judgment is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, HOCKER AND WHITFIELD, J. J., concur.