W. T. HARRISON, *Plaintiff in Error,* v. GEORGE W. KERSEY, *Defendant in Error.*

Opinion Filed January 20, 1914.

The failure of a real estate broker to pay a license tax, imposed for revenue only, does not prevent a recovery for his commissions, even though the statute subjects one so offending to a fine.

Writ of Error to Circuit Court for Pinellas County; F. M. Robles, Judge.

Judgment affirmed.

*John U. Bird* and *C. B. Parkhill,* for *Plaintiff in Error,*

*John E. Lambeth* and *Roy V. Sellars,* for Defendant in Error.

COCKRELL, J.—To a judgment recovered upon a real estate brokerage, the defendant takes his writ of error.

The decision of the case depends upon whether our Revenue Law imposing license taxes, avoids all con-

tracts made by those who have not paid the license tax. We may admit in the beginning that the cases from other jurisdictions are in irreconcilable conflict, and that as many may be cited in the affirmative as in the negative of the proposition.

Chapter 5597, Laws of 1907, entitled "An Act Imposing Licenses and Other Taxes, Providing for the Payment Thereof, and Prescribing Penalties for Doing Business Without a License, or Other Failure to Comply with the Provisions Thereof," provides in the first section that "No person, firm or corporation shall engage in or manage the business, profession or occupation mentioned in this act, unless a State license shall have been procured." One of the occupations mentioned is that of brokers dealing in land. The penalty provided in the act for doing business without first obtaining a license is contained in the eleventh section, which declares that the person so offending "shall be guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than double the amount required for such license."

Unlike the licenses to dealers in intoxicating liquors, discussed in Goldring v. Johnson, 65 Fla. 381, 62 South. Rep. 212, which are issuable and transferrable only by permission of the County Commissioners, if the applicant be found fit to transact the business, the license to engage in the business of selling lands for others is open to any one willing to pay the tax, and is solely and wholly a revenue measure.

The penalty, which under the title to the act is imposed for its violation, is solely and wholly directed to the person, and nothing is said that should be construed into a denunciation of the business itself, or as affecting the contracts performed by the guilty party. Protection

of the public from acts, deemed by the legislature under the police power as of possible harm, is not here involved, as in the case of Cook v. Fernandez, 11 Fla. 100, nor have we here as in Ulmer v. First National Bank of St. Petersburg, 61 Fla. 460, 55 South. Rep. 405, a statute prohibiting the doing of business by a foreign corporation until it had secured a permit and declaring all contracts voidable if made before compliance with the statute.

The views of this court expressed in Atlantic Coast Line R. Co. v. Weir, 63 Fla. 69, 58 South. Rep. 641, indicate our leaning towards that line of decisions which decline to add penalties to those declared by the legislature in aid of purely revenue measures. In that case we held that the failure to register an automobile, did not deprive its owner and driver of an action for injury thereto by the negligent running of a railroad train.

Until the legislature makes it plainer that contracts by this class of persons shall be non-enforceable, unless the license tax shall have been paid, we shall not accept such non-failure as a defense to an action upon the contract. A well considered case in support of this holding is Over v. Stephens, 54 West Va. 354, 46 S. E. Rep. 195. See also Cobb v. Dunlevie, 63 West Va. 398, 60 S. E. Rep. 384; Aiken v. Blaisdell, 41 Vt. 655; Mandelbaum v. Gregovitch, 17 Nev. 87, 28 Pac. Rep. 121; Lester v. Howard Bank, 33 Md. 558; Walker v. Baldwin & Frick, 103 Md. 352, 63 Atl. Rep. 362; Ruckman v. Bergholz, 37 N. J. L. 437; Tooker v. Duckworth, 107 Mo. App. 231, 80 S. W. Rep. 963; Fairly v. Wappo Mills, 44 S. C. 227, 22 S. E. Rep. 108, 29 L. R. A. 215; Vermont Loan & Trust Co. v. Hoffman, 5 Idaho 376, 49 Pac. Rep. 314, 37 L. R. A. 509; Manker v. Tough, 79 Kan. 46; 17 Am. Ca. 208.

The other assignments of error have been carefully

examined and found to be without such merit as to warrant discussion in this opinion.

The judgment is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, HOCKER AND WHITFIELD, J. J., concur.