SAMUEL LAND, BY NEXT FRIEND, *Plaintiff in Error*, v. TAMPA TIMES PUBLISHING COMPANY, A CORPORATION, *Defendant in Error*.

### Opinion Filed December 22, 1914.

1. A civil action for libel will lie, when there has been a false and unprivileged publication by letter or otherwise, which exposes a person to distrust, hatred, contempt, ridicule or obloquy or which causes such person to be avoided, or which has a tendency to injure such person in his office, occupation, business or employment.

2. Where a publication is false and not privileged, and is such that its natural and proximate consequence necessarily causes injury to a person in his personal, social, official or business relations of life, wrong and injury are presumed or implied, and such publication is actionable *per se*.

3. The malicious publication in a newspaper article containing a false statement that the plaintiff "hangs around in a disreputable part of" a named city, *is not privileged, and its natural and proximate consequences being to cause an injury to him in his personal, social or business relations in life, such a publication is libelous *per se*, making an allegation of special damages unnecessary.

Writ of Error to Circuit Court for Hillsborough County; F. M. Robles, Judge.

Judgment reversed.

*S. V. Ray*, for Plaintiff in Error;

*K. I. McKay*, for Defendant in Error.

WHITFIELD, J.—An action for libel was brought against the company for "wickedly and maliciously intending to

injure the plaintiff and bring him into public scandal and disgrace * wickedly and maliciously did compose and publish, and cause to be composed and published of and concerning the plaintiff, in a certain newspaper, called the Tampa Daily Times * a certain false, scandalous, malicious and defamatory libel, containing, among other things, the false, scandalous, malicious, defamatory and libelous matters following, of and concerning the plaintiff, viz: * * * "The lad (meaning the plaintiff) * * hangs around in a disreputable part of" a stated city * *. It is alleged that plaintiff had enjoyed the esteem and good opinion of his neighbors and other worthy citizens of the State; and that by means of the publication he has been and is greatly injured in his good name, credit and reputation, and brought into public scandal and disgrace, and has been shunned by divers persons. Plaintiff claims substantial damages. No special damages are alleged. A demurrer to the declaration was sustained; and the plaintiff declining to further plead or amend, final judgment for the defendant was rendered, and the plaintiff took writ of error. This action is for libel, not slander.

A civil action for libel will lie when there has been a false and unpriviliged publication by letter or otherwise, which exposes a person to distrust, hatred, contempt, ridicule or obloquy or which causes such person to be avoided, or which has a tendency to injure such person in his office, occupation, business or employment.

Where a publication is false and not privileged, and is such that its natural and proximate consequence necessarily causes injury to a person in his personal, social, official or business relations of life, wrong and injury are presumed or implied, and such publication is actionable *per se*. Briggs v. Brown, 55 Fla. 417, 46 South. Rep.

325; Montgomery v. Knox, 23 Fla. 595, 3 South. Rep. 211; Jones v. Greeley, 25 Fla. 629, 6 South. Rep. 448.

The malicious publication in a newspaper article containing a false statement that the plaintiff "hangs around in a disreputable part of" a named city, is not privileged, and its natural and proximate consequences are to cause an injury to him in his personal, social or business relations in life; and such a publication is libelous *per se.* making an allegation of special damages unnecessary.

The judgment is reversed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.