Harry Rein, Appellant, *v.* Sun Printing and Publishing Association, Respondent.

First Department, May 27, 1921.

Libel — publication of article charging that plaintiff had been arrested for dealing in stolen securities — complaint which fails to deny charge of arrest insufficient — denial of specific portions of alleged libelous article should be plain and explicit.

A complaint in an action for libel which sets forth the alleged libelous article to the effect that the plaintiff was arrested on a charge of dealing in stolen securities without characterizing such article as false and libelous,

does not state a cause of action, for, if plaintiff in fact had been arrested, there was no libel in so stating and, therefore, it was necessary that there should be an unmistakable denial of the charge of arrest.

Where there is no allegation that the whole article is false and untrue, but specific portions are picked out as being false, the denial of the truth of such specified statements should be plain and explicit.

CLARKE, P. J., dissents.

APPEAL by the plaintiff, Harry Rein, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 25th day of January, 1921, denying plaintiff's motion for judgment on the pleadings and sustaining defendant's demurrer to the complaint.

*Harold B. Elgar* of counsel [*Henry D. Bulkley* with him on the brief; *Hardin & Hess*, attorneys], for the appellant.

*Macdonald De Witt*, for the respondent.

DOWLING, J.:

This action is brought to recover damages for an alleged libel. The 6th paragraph of the complaint set forth that "Upon information and belief the defendant on or about July 22, 1919, did compose and publish in its said newspaper of and concerning the plaintiff, the following article:

"HONEST MAN SELLS LOOT FOR BURGLARS.
"Innocent Victim Gets Judgment for
"Cash He Lost.

"A neat method of disposing of the proceeds of burglary by turning an honest man to account was revealed yesterday in the Supreme Court, where Justice McAvoy gave to Stanton D. Cowl, in the quicksilver and drug business at 30 Church Street, a judgment against John G. Barrett of 542 West 145th Street.

"Cowl, who lives at 15 Lincoln Place, New Rochelle, manages the quicksilver department of the Crownshield Trading Corporation. A few months ago he advertised for capital to invest in a business of his own. A man who said he was C. L. Bennett, living at the Hotel Manhattan, responded. He

said he would invest $500 if Cowl would dispose of 100 shares of Gulf Corporation stock for him.

" Cowl sold the stock for $2,383, through Harry Rein, office manager for A. Risse & Co., 50 Broadway, and paid all but $500 to Bennett. A month later Bennett said he was ready to invest $1,000 more. He gave Cowl ten Interborough bonds. Cowl got through Rein a loan of $5,000 on them, retained $1,000 and turned the rest of the money over to Bennett.

" A little later Cowl and Rein, much to their amazement, were arrested on a charge of dealing in stolen securities. It developed that the bonds which passed through Cowl's hands were part of $115,000 worth of loot taken in February by burglars who blew open the safe of William Crittendon in the Oliver Building, Pittsburg.

" After the arrest Cowl was told over the telephone that an ex-convict had been heard boasting that he had helped to ' job ' Cowl in disposing of stolen bonds. The ex-convict was arrested. According to Cowl, he apparently knew all about the transactions except that he referred to the ready investor as Barrett instead of Bennett.

" Detectives have been unable to find Barrett. Cowl made good the money he had received as a loan on Interborough bonds, and it was for that sum he got judgment yesterday. Barrett was served with the legal papers by publication."

The complaint then alleges:

" *Seventh.* The defendant at the time of the publication of the said article well knew the premises and maliciously contrived and intended to, and by said publication did, injure the plaintiff in his said business, and by said article held the plaintiff up to public hatred, contempt and ridicule in so far as it related to him, and said article was a false, defamatory, scandalous and malicious libel upon plaintiff and his reputation.

" *Eighth.* By the said article the defendant meant and intended it to be understood, and by persons who read the said article it was understood to mean and charge that the plaintiff has been arrested and charged with criminally receiving stolen property and with participation in a criminal conspiracy and that the plaintiff was an untrustworthy man."

First Department, May, 1921.        [Vol. 196

It will be noted that the 6th paragraph of the complaint in which the article is set forth at length does not state that the article is false and libelous, but simply sets forth the matter without characterizing it. If the complaint had set forth plainly and unmistakably that the statement that plaintiff had been arrested was false and untrue I should be of the opinion that a good cause of action had been stated herein. But if plaintiff in fact had been arrested, there was no libel in so stating and, therefore, in my opinion it was necessary that there should be an unmistakable denial of the charge that in fact he had been put under arrest.

I am of the opinion that the 8th paragraph quoted so qualified the statement in the 7th paragraph that it does not amount to a denial of the fact that plaintiff had been actually arrested. As I read these two paragraphs, in connection with the 6th paragraph of the complaint, the complaint avers no more than that the article is false in that it charges that plaintiff had been arrested and charged with criminally receiving stolen property and with participation in a criminal conspiracy and that the plaintiff was an untrustworthy man. This innuendo it seems to me is absolutely unwarranted by the article itself, which makes no such charge. On the contrary, it shows that both Cowl and the plaintiff were innocent and the victims of a plot on the part of criminals. Under the terms of this pleading, the plaintiff might well in fact have been arrested and the article, therefore, in that respect be true. Nor can I escape the conviction that the very qualified and unsatisfactory terms in which the denial is couched are intended to be solely a denial of the fact that plaintiff had been arrested on a charge of criminally receiving stolen property and with participation in a criminal conspiracy, and are not intended to deny the fact that plaintiff had been arrested upon some charge; even though later discovered to be unfounded. It would be very easy to have denied that plaintiff ever was in fact arrested, as set forth in the article, if such was the real situation. I believe that where there is no allegation that the whole article is false and untrue, but specific portions are picked out as being false, the denial of the truth of such specified statements should be plain and explicit.

In my opinion, therefore, as the sole ground upon which plaintiff could have charged that he was libeled was that he was said to have been arrested, when in fact he was not, and as the complaint is not fairly susceptible of the construction that plaintiff was not in fact arrested as stated, the order appealed from should be affirmed, with ten dollars costs and disbursements to the respondent, with leave to plaintiff to serve an amended complaint upon payment of such costs and ten dollars costs of motion at Special Term.

LAUGHLIN, MERRELL and GREENBAUM, JJ., concur; CLARKE, P. J., dissents.

CLARKE, P. J. (dissenting):
I dissent for the reasons stated in *Rein* v. *Star Co., Inc.* (196 App. Div. 877).

Order affirmed, with ten dollars costs and disbursements, with leave to plaintiff to serve amended complaint on payment of said costs and ten dollars costs of motion at Special Term.