THE STATE OF FLORIDA *ex rel.* J. D. BASKIN AND W. A. DAVIS, *Relators*, v. JOHN U. BIRD, AS COUNTY JUDGE OF PINELLAS COUNTY, FLORIDA, *Respondent*.

Division A.

Opinion Filed October 12, 1925.

1. Before a copartnership is entitled to a license as a real estate broker, "every member * * * of such copartnership * * * who actively participates in the brokerage business of such copartnership * * * shall hold a license as a real estate broker." Sec. 12, Chap. 10233, Acts of 1925.

2. Where an alternative writ of mandamus admits non-compliance with Section 12, Chapter 10233, Acts of 1925, by a co-partnership applying for license as a real estate broker, in that one of the members of such co-partnership "who actively participates in the brokerage business of such co-partnership" does not hold a license as a real estate broker, a demurrer to the writ upon that ground should be sustained.

3. When the provisions of Section 12, Chapter 10233, Acts of 1925, have been complied with by every member of a co-partnership, "who actively participates in the brokerage business of such co-partnership," it is then in position to demand

VOL. 90, JUNE TERM, 1925.	329

State ex rel. Baskin et al. v. Bird, County Judge—Opinion of Court.

of the administrative officer, whose duty it is to do so, that he issue to such co-partnership a license as a real estate broker, but not till then.

4. When a co-partnership has been granted a license as a real estate broker in accordance with the terms of Section 12, it may then proceed as authorized by Section 8 of Chapter 10233, Acts of 1925, but not before.

A Writ of Error 'to the Circuit Court for Pinellas County; Freeman P. Lane, Judge.

Reversed.

*John U. Bird,* for Relators;

*C. O. Andrews* and *H. H. Baskin,* for Respondent.

WEST, C. J.—This case is here on writ of error to the Circuit Court of Pinellas County. The alternative writ, omitting the formal commencement and the command, is as follows:

" 'J. D. Baskin and W. A. Davis, Relators, by and through their solicitor, H. H. Baskin, bring this their bill for mandamus against John U. Bird, as County Judge of Pinellas County, Florida, and respectfully present to the Court the following facts:

1.

' " 'That Relators, J. D. Baskin and W. A. Davis are citizens and residents of said county and are doing in the city of Clearwater in said County, a general real estate business, and both of whom are actively participating in the brokerage business of the co-partnership of J. D. Baskin Real Estate.

2.

" 'That the said John U. Bird is a duly qualified County Judge of said County, and is acting as such and all of the things hereinafter complained of and all of the duties herein alleged are ministerial acts by the law required to be performed by the said John U. Bird, and none of which facts (?) are judicial in their nature. That the said John U. Bird as County Judge is by law required to accept and receive application for broker's license and to collect the fees provided by said law.

3.

" 'That the said J. D. Baskin and the said W. A. Davis are doing a real estate business as co-partners. That the said J. D. Baskin made application on Sept. 30, 1925, for year beginning Oct. 1, 1925, to the said John U. Bird, Judge as aforesaid, for a broker's license and paid to the said John U. Bird the sum of $18.00, being the amount required by law. That the said J. D. Baskin and the said W. A. Davis as a co-partnership doing business under the name and style of J. D. Baskin, Real Estate, on Sept. 30, 1925, for the year beginning Oct. 1, 1925, applied for a broker's license designating the said W. A. Davis as salesman to act for the partnership, and they tendered the said application and the sum of $18.00 to the said John U. Bird.

4.

" 'The said John U. Bird, Judge as aforesaid, without any lawful warrant or authority, declined and refused to accept and consider the said application of the said J. D. Baskin and W. A. Davis for a license as a co-partnership as aforesaid, and he refused to receive and accept the sum of $18.00, the lawful fees therefor, and he assigned as his sole and only reason therefor that the said W. A. Davis had not applied for a license as a real estate broker, nor

VOL. 90, JUNE TERM, 1925. · 331

State ex rel. Baskin et al. v. Bird, County Judge—Opinion of Court.

had he paid the said sum of $18.00 required by the statute for a broker's license as an individual. The Relators allege that the said W. A. Davis had, and has not paid or tendered to the said Judge the sum of $18.00 for a broker's license for himself.

" 'Wherefore the relator prays that the State's most gracious writ of mandamus do issue commanding, requiring and coercing the said John U. Bird, as aforesaid respondent herein, to receive, accept and consider the said application of the said J. D. Baskin and W. A. Davis for a broker's license for J. D. Baskin, Real Estate, as aforesaid.' "

The writ commanded the respondent as County Judge to entertain and consider the application of J. D. Baskin and W. A. Davis, in the name of J. D. Baskin, Real Estate, a co-partnership, for a broker's license to sell real estate or to show cause why he did not or should not be required to do so.

The writ was demurred to upon the grounds that it does not set forth facts that entitle the relators to the relief prayed; that it does not appear from its allegations that relators have complied with the law relative to the issuance of licenses as real estate brokers; that it affirmatively appears from the writ that relators are not entitled to the relief prayed; that it affirmatively appears that W. A. Davis has not tendered to respondent the license fee required by the laws before a license can be issued to the relators as co-partners; "because Section 12 of Chapter 10233, of the Laws of Florida have not been complied with, in that the said J. D. Baskin and the said W. A. Davis do not hold or have not applied for individual licenses as real estate brokers, and until each of said parties shall hold or apply for a real estate license as brokers, and pay or tender unto this Respondent the sum of $18.00 for broker's license for each of them, and the sum of $18.00

for said co-partnership, this Respondent cannot accept and consider an application for the said parties as co-partners doing business as 'J. D. Baskin Real Estate,' " and finally it affirmatively appears that relators have not paid or tendered to respondent the sum of $18.00 for each of said relators for license, as a real estate broker, and the sum of $18.00 for real estate broker's license for said co-partnership.

Upon a hearing, this demurrer was overruled and peremptory writ ordered to be issued.

To review this order, writ of error was taken.   This order is asigned as error.

The controlling statute is Chapter 10233, Acts of 1925. Its object is to regulate the business of dealers in real estate.   That the State may derive from the operation of the Act, does not affect its validity as a measure imposing a license tax on persons engaged in the business of selling land. .Harrison v. Kersey, 67 Fla. 24, 64 South. Rep. 353.

The present controversy arises from an apparent conflict between the provisions of Section 12 and Section 8 of the Statute.   The pertinent provisions of Section 12 are as follows:

"No co-partnership, association or corporation shall be granted a license unless every member or officer of such co-partnership, association or corporation who actively participates in the brokerage business of such co-partnership, association or corporation, shall hold a license as a real estate broker, and every employee who acts as a salesman shall hold a license."

Upon the ground that this section contains an express inhibition against the granting of a license to a co-partnership, association or corporation "unless every member or officer of such co-partnership, association or corporation" who actively engages in the business of such co-partnership, association or corporation shall hold a license as a

real estate broker, and that one of the partners actively engaged in the business has failed to obtain such required license, the respondent, county Judge, refused the application of the partnership for a license as brokers to sell real estate.

So far as this case is concerned, according to the allegations of the writ, there is no conflict between Section 12 and Section 8. Considered alone there can be no question of the meaning of Section 12. Before a partnership is entitled to a real estate broker's license, "every member * * * of such copartnership * * * who actively participates in the brokerage business of such co-partnership, * * * shall hold a license as a real estate broker." The writ admits non-compliance with this statute. The partner W. A. Davis had not applied for a broker's license for himself, although admittedly actively participating in the brokerage business in which the co-partnership was engaged.

Section 8 deals with the situation after the real estate broker's license has been granted to the co-partnership, so that there can be no conflict between the two sections. When the provisions of Section 12 have been complied with, the co-partnership is in position to demand of the administrative officer that he perform the duty enjoined upon him, but not till then. When the co-partnership has been granted a real estate broker's license in accordance with the terms of the law, it may then proceed as authorized by Section 8, but not before.

Upon the showing made, the issuance of a real estate broker's license by the County Judge was not authorized. The demurrer to the writ should therefore have been sustained. The order overruling it and ordering the peremptory writ is reversed.

Reversed.

ELLIS AND TERRELL, J. J., concur.

WHITFIELD, P. J., AND STRUM AND BROWN, J. J., concur in the Opinion.