### McBRIDE v. CROWELL–COLLIER PUB. CO.

No. 13639.

United States Court of Appeals
Fifth Circuit.

April 18, 1952.

W. G. Ward, Miami, Fla., for appellant.

W. O. Mehrtens, M. L. Mershon, Miami, Fla., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and STRUM, Circuit Judges.

HUTCHESON, Chief Judge.

Alleging that he "was the sole owner of a certain business conducted under the trade name of Continental Press Service", and that, in an article entitled "Florida's Struggle with the Hoodlums", published in the March issue of "Collier's", and attached to his complaint, false and libelous statements regarding the said Press Service had appeared, plaintiff sued for damages, actual and exemplary, in the sum of one million dollars.

In essence his claim was: that, referring to the said Continental Press Service as "the net", the article had stated: "there is no doubt that the former followers of Al Capone now control the net, * * *" and that "certainly it" (meaning the said service) "is bossed by men with such exotic names as Jack 'Greasy Thumb' Guzik, who was Capone's business manager in prohibition days, Murray 'the Camel' Humphries, Tony 'the Wheel' Accardo, and Hymie 'Loudmouth' Levin."; that such statements were false, defamatory and libelous; that they were published to vex, harass, embarrass and humiliate him; and that, because of the circulation of such statements, plaintiff's reputation as a law abiding citizen has been greatly impaired.

Defendant moved to dismiss the complaint, for failure to state a claim against defendant; the district judge granted the motion and dismissed the complaint; and plaintiff is here insisting: that the complaint did state a cause of action for libel and it was error to dismiss it.

The appellee, insisting that the dismissal was correctly ordered, advances under six numbered grounds,[1] three cogent reasons in support of it.

■ The first of these is that it appears from the undenied portions of the article attached to the complaint, and for the purpose of the argument they are therefore to be taken as true,[2] that Continental Press

1. These are:

1. It appears upon the face of the complaint that Continental Press Service was and is engaged in an unlawful business.

2. The plaintiff cannot maintain an action for libel based upon a publication relating to the conduct of an unlawful business owned by him.

3. There is no personal defamation of plaintiff. Any cause of action he might have would be for defamation of property and special damages must be pleaded.

4. Plaintiff must rely, and does rely, upon extrinsic facts to establish the alleged libel. Therefore, the language complained of is not libelous per se, and special damages must be pleaded.

5. The alleged defamatory matter is not susceptible of only one meaning and that an opprobrious one, therefore the language is not libelous per se, and special damages must be pleaded.

6. No special damages are pleaded.

2. Rein v. Star Co., Inc., 1921, 196 App. Div. 877, 188 N.Y.S. 606; Rein v. Sun Printing & Pub. Ass'n, 1921, 196 App. Div. 873, 188 N.Y.S. 608; Sanders v. Evening News Ass'n, 1946, 313 Mich. 334, 21 N.W.2d 152; Pool v. Gaudin, 1945, 209 La. 218, 24 So.2d 383; Washer v. Bank of America Nat. Trust & Savings Ass'n, Cal.App.1942, 128 P.2d 799; Id., 21 Cal.2d 822, 136 P.2d 297, 155 A.L.R. 1388.

Service is actively engaged in supplying racing information to bookmakers in the furtherance of gambling, and no action will lie, since defamatory words spoken or written, which relate to the conduct of a person while engaged in an unlawful business are not actionable.[3]

The second is, there is no personal defamation of plaintiff alleged, any cause of action he might have would be for defamation of his business, and special damages must be, but have not been, pleaded.

The third reason is, plaintiff must rely, and does rely, upon extrinsic facts to establish the alleged libel; therefore, the language complained of is not libelous *per se,* and special damages must be, but have not been, alleged.

In support of these three reasons, appellee, pointing to the record as made up of the complaint with the offending publication attached, urges upon us with confidence that, for all three reasons, the order of dismissal was right and it should be affirmed.

We cannot agree that the complaint sufficiently alleges that the Continental Service is actively engaged in the furtherance of an illegal business, to-wit, gambling, to sustain appellee's first reason for dismissal.

A careful reading of the complaint and a study of the authorities appellee cites, however, convinces us that its second and third reasons for dismissing the complaint are well taken, and the judgment must be affirmed.

The only mention of appellant in the article is the simple statement that his father, Arthur B. "Mickey" McBride, for many years the entrepreneur of the "net", now disclaims ownership of Continental. "He says all the stock rests in the hands of his son, Edward J. McBride. He says he gave it to the younger McBride when the boy was eighteen and a student at Miami University. The present general manager of Continental in Chicago is Tom Kelly, the younger McBride's uncle."

At no other place in the article is plaintiff, appellant, referred to in any way whatsoever, and nothing in this reference makes any accusation or charge of any kind against him. If what is said in the article about the corporation, in which he is said to own stock, does, or could, constitute defamation of the corporation for which a libel action would lie, the action would be that of the corporation, not that of the owners of its stock.[4] Further if it could be said that in any view the statements could be regarded as libelous as to plaintiff, the libel would be *per quod* and not *per se,* and no special damage resulting therefrom having been alleged, no cause of action to plaintiff as a stockholder was stated.[5]

In Caldwell v. Crowell-Collier Publishing Co., on the first appeal, 5 Cir., 161 F.2d 333, where the controlling inquiry was whether statements made about the plaintiff in his capacity as governor of Florida were libelous *per se* or merely *per quod,* and in the same case, on its second appeal, 170 F.2d 941, we carefully drew the distinction between the two and held that the publication was libelous *per se* only because spoken of the plaintiff in his capacity as governor.

Citing Florida cases[6] in support, we pointed out that there was no substantial

3. It is stated in 33 Am.Jur. p. 83:

   "As a rule, no action will lie for defamatory words, either spoken or written, which merely relate to the conduct of a person while engaged in some unlawful business, or in the pursuit of some profession, without having complied with the requirements of the law."

   Goldring v. Johnson, 65 Fla. 381, 62 So. 212; Glenn v. Gibson, 75 Cal.App.2d 649, 171 P.2d 118; Crawford v. Crowell-Collier Pub. Co., D.C., 87 F.Supp. 509.

4. 53 C.J.S., Libel and Slander, § 146, p. 230 and cases cited; R. G. Dun & Co. v. Shipp, 127 Tex. 80, 91 S.W.2d 330.

5. Ward v. Gee, Tex.Civ.App., 61 S.W.2d 555; 53 C.J.S., Libel and Slander, § 269, p. 391; Ajouelo v. Auto-Soler Co., 61 Ga. App. 216, 6 S.E.2d 415; Houston Chronicle Pub. Co. v. Martin, Tex.Civ.App., 5 S.W.2d 170.

6. Commander v. Pedersen, 116 Fla. 148, 156 So. 337; Johnson v. Finance Co., 118 Fla. 397, 159 So. 364; Briggs v. Brown, 55 Fla. 417, 46 So. 325; Land v. Tampa Times, 68 Fla. 546, 67 So. 130; Layne v. Tribune, 108 Fla. 177, 146 So. 234; Cf. 33 Am.Jr. 224; 37 C.J. p. 38; 53 C.J.S., Libel and Slander, § 171; New-

difference between the law of Florida and that of other states, and that if false accusations are not libelous in themselves, but require extrinsic facts to establish the libel, there must be allegation and proof of special damage.

■ Without citing or discussing the many other authorities cited by appellee in support of its view that the complained of words are not libelous of plaintiff *per se,* but, if at all, only *per quod,* and that since no special damage is alleged, no cause of action is stated, it will be sufficient for us to say that on clear and settled principles of law the complaint stated no cause of action, its dismissal was correct, and the judgment is affirmed.

ell on Slander and Libel, 14th Ed. Sec. 755, pp. 842–843; Cooper v. Miami Her-

ald Publishing Co., 159 Fla. 296, 31 So. 2d 382; 86 A.L.R. 48.