## CHARLES R. MAINS v. HORACE H. WHITING.

*Slander—Words actionable per se—Professional character.*

1. Spoken words are defamatory without allegation of special damages when the imputation cast by them on the plaintiff is so injurious that the court will presume without proof that his reputation has thereby been impaired; which presumption will arise when the words are spoken of plaintiff in the way of his profession.

2. The words, "You are the dirty sewer through which all the slums of this embezzlement have flowed," addressed to an attorney at law who is at the time conducting the defense of a client charged with such embezzlement, are actionable *per se*, if shown by the plaintiff to have been spoken of and concerning him in the way of his profession or employment.

Error to Calhoun. (Hooker, J.) Argued June 4, 1891. Decided July 28, 1891.

Case. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*George H. Southworth,* for appellant.

*Herbert E. Winsor,* for defendant.

[The points of counsel are stated in the opinion, where the authorities are cited.—REPORTER].

CHAMPLIN, C. J. The plaintiff brought suit against the defendant for verbal slander.

The original declaration set out the words declared to be defamatory, as follows: "You are the dirty sewer through which all the slums of this embezzlement have flowed;" and again, "You are the dirty sewer through which all the slums of this embezzlement have been forced;" and again, "If that $20 had been turned over

to you or to Van Wagner, the company would never have seen 20 cents of it."

It is not necessary to set out in detail the terms of the original declaration, for the reason that defendant demurred, and within the 10 days allowed by rule the plaintiff filed his amended declaration, in which he sets forth that he is an attorney and counselor at law, and solicitor and counselor in chancery, of the State of Michigan, and thereby an officer of all the courts of law and chancery in this State, and is thereby a person holding an office of trust, honor, and profit, and has an office in, and is practicing his said profession in, the county of Calhoun, and setting out in the usual form as to being a good and faithful citizen, etc., and that he was enabled to and did earn and make for himself large sums of money by means thereof, and was enabled to gain and earn a competence and livelihood in and by his said profession, and that he has no other business, occupation, profession, or trade from which to derive an income and gain a competence for himself and family.

He then avers that the Peerless Reaper Company was a corporation duly incorporated under the laws of Ohio, having its home office at the city of Canton, in said state, but was doing business in Michigan, and the defendant was the president thereof at the date of the committing of the grievances in the several counts contained in his declaration. He further avers, by way of inducement, that, at the time last stated, it was well known by his neighbors, and other good and worthy citizens of the State, that he had theretofore been, as such attorney and counselor, etc., employed by the said Peerless Reaper Company, and by virtue of his said employment had represented faithfully and with skill and ability, in divers courts of this State, the said Peerless Reaper Company, and had collected and faithfully and

promptly turned over to said company large sums of money·so collected, and, when called upon for counsel and advice in such employment by said company, had acted and advised honestly and fairly, and as the rules of plaintiff's profession would require,—all of which was well known to defendant.

He avers, further, that $20 had been received by one O. L. Van Wagner, who was then the State agent of said Peerless Reaper Company, for and as the agent of said Peerless Reaper Company, before the 22d day of October, A. D. 1890, and had before that day been by the order of defendant, as president of said company, turned over to one Horace Fairfield by said Van Wagner as traveling expenses, said Fairfield being another agent of said Peerless Reaper Company, and said money being the property of said company, as defendant well knew; and that, to wit, on the 22d day of October, 1890, said Horace Fairfield, for and in behalf of the people of the State of Michigan, by order and direction of the defendant as president of said Peerless Reaper Company, had made complaint in writing on oath before one H. A. Tillotson, then a justice of the peace in and for the city of Marshal, in said county of Calhoun, and a criminal warrant had by said justice been issued on said complaint, charging one Charles H. Van Wagner, as an agent of said Peerless Reaper Company, with having feloniously embezzled and converted to his own use certain chattels, moneys, and effects of said Peerless Reaper Company, and as having feloniously stolen and carried away said chattels, moneys, and effects, contrary to the form of the statute, etc., and thereupon said Charles H. Van Wagner had been brought before said justice of the peace at his office for examination upon such charge, and said plaintiff was by said Charles H. Van Wagner duly employed as the attorney and counselor of the said Van

Wagner in and about his defense before said justice of the peace upon such charge of embezzlement, and was so engaged in open court before said justice of the peace, and plaintiff was conducting the examination of a witness other than defendant in an orderly and professional manner during the examination of said Van Wagner before said justice of the peace on said criminal charge, and that defendant was not interested in such examination being so prosecuted before said justice save as a witness for and in behalf of the people of the State of Michigan, yet the said defendant committed the grievances hereinafter contained, in open court, before said justice, and in his hearing, and in the presence and hearing of divers good and worthy citizens in said court assembled as spectators and witnesses; he, the defendant, then and at such time knowing that said plaintiff was not a party to nor cognizant of nor in any way a party in interest and guilt to the offense for which said Charles H. Van Wagner was then and there before said justice of the peace charged; and defendant well knowing that said plaintiff, as an attorney or otherwise, was innocent of said charge of embezzlement, or of any embezzlement, of said Charles H. Van Wagner, and that plaintiff was wholly innocent of said embezzlement and charge, and of any guilty knowledge thereof; and also that plaintiff's participation in such proceedings then and there had before said justice was only such as an attorney at law, by virtue of his employment, was in duty bound to do and perform for and in his client's behalf, and such as a client could reasonably expect and require of such attorney at law according to strict honor and integrity, as between such attorney and client; and that such embezzlement with which the said Charles H. Van Wagner was charged was in no way prompted, encouraged, or sanctioned by plaintiff as an attorney and counselor at law or other-

wise, nor had he any guilty knowledge of it, as defend-ant well knew.

Nevertheless the said defendant, well knowing the prem-ises, but contriving and maliciously intending to injure, defame, and slander the said plaintiff in his good name, and contriving and maliciously intending to injure, defame, and slander the said plaintiff in his profession as such attorney and counselor at law, etc., as aforesaid, so as afore-said did falsely and maliciously impute to said plaintiff unfitness to perform the duties of his office and employment as such attorney and counselor at law, etc., as aforesaid, and so did falsely and maliciously impute to said plaint-iff a want of integrity in the discharge of the duties of such office and employment as such attorney and coun-selor at law as aforesaid, and, so intending as aforesaid, did falsely and maliciously speak defamatory words of said plaintiff, which prejudiced said plaintiff in his said profession as an attorney and counselor as aforesaid, and tended to disgrace and prejudice plaintiff before said court so held by said justice of the peace, and to vex, harass, oppress, impoverish, and wholly ruin said plaint-iff in his profession, and render him, the said plaintiff, liable to imprisonment in the State prison, and liable to be indicted for an offense punishable by imprisonment in the State prison, under the laws of the State, to wit, on the 5th day of November, A. D. 1890, at the city of Marshal, aforesaid, in open court, before said justice of the peace as aforesaid, in a certain discourse which the said defendant then and there had with the said plaint-iff, in the presence and hearing of divers good and worthy persons, did falsely and maliciously speak, publish, and declare to, of, and concerning the plaintiff, as an attorney and counselor at law, etc., as aforesaid, these false, scan-dalous, malicious, and defamatory words, to wit: "You," said plaintiff meaning, "are the dirty sewer through

which all the slums of this embezzlement," the said items of embezzlement with which the said Charles H. Van Wagner was charged as aforesaid meaning, "have flowed;" meaning thereby that plaintiff had been guilty of unprofessional conduct in his employment as attorney for the said Charles H. Van Wagner in his defense as aforesaid; and that plaintiff as such attorney for said Charles H. Van Wagner had guilty knowledge of such embezzlement, and had aided, abetted, counseled, consented to, and advised said Charles H. Van Wagner to commit said embezzlement; and that plaintiff as such attorney, with this guilty knowledge of said offense, was shielding said Charles H. Van Wagner, or attempting to shield him, from just punishment; and that plaintiff, in his conduct in the defense of said Charles H. Van Wagner, as aforesaid, as his attorney, lacked integrity, and was wanting in fitness to perform the duties of such office of attorney; and that said Charles H. Van Wagner was simply plaintiff's tool, by which he, the plaintiff, was enabled to embezzle and steal the money charged in said complaint to have been embezzled by said Charles H. Van Wagner, as aforesaid, from said Peerless Reaper Company; and that the guilty intention of embezzling said money mentioned in said complaint originated with plaintiff, and that plaintiff furthered and perfected the details of said embezzlement, and caused it to be completed, and then was as an attorney and counselor at law endeavoring to cover and conceal said crime in his defense of said Charles H. Van Wagner, and as an attorney fraudulently mislead and deceive the court in which said proceedings were had as aforesaid thereby.

Then follows a second count in the declaration, substantially like the one above given, in which the slanderous words are the same, except in place of the words

"have flowed" the words "have been forced" were substituted.

The third count, referring to the inducement in the first count and making it a part of that, charges the defendant with uttering falsely and maliciously the following, to wit: "If that $20," the $20 turned over to said Fairfield for traveling expenses by order of defendant as president of the Peerless Reaper Company meaning, "had been turned over to you," the said plaintiff as attorney and counselor at law meaning, "or to Van Wagner," the said Charles H. Van Wagner, whose examination on the charge of embezzling the said Peerless Reaper Company's chattels, moneys, and effects was then and there in progress in open court, meaning, "the company," said Peerless Reaper Company meaning, "would never have seen 20 cents of it;" meaning thereby that the said plaintiff, as such attorney and counselor at law as aforesaid, was a person of so little honesty and integrity that if $20 came into his hands, the same being the property of another, the owner thereof would lose said property by the wrongful conversion and embezzlement by said plaintiff; that it would be as safe to intrust money in the hands of Charles H. Van Wagner; who was then and there under arrest for embezzling money as aforesaid, as to intrust it to plaintiff as such attorney; that either plaintiff or said Charles H. Van Wagner, or both, would embezzle the said $20 if it had come into their or either of their possession; that said plaintiff in his profession, and as an individual, was ready and willing to commit crime if opportunity offered, was dishonest, had no integrity, would counsel, connive at, aid, and abet, by his office as an attorney as aforesaid, others to commit criminal offenses; and that plaintiff was a person wholly unfit for and lacked integrity in the discharge of

his duties as such attorney and counselor at law as afore-said.

To this declaration the defendant pleaded the general issue, and gave notice thereunder that the alleged state-ments were without malice, and did not injure the plaint-iff in his good name, fame, and credit, etc.; and that the words alleged to have been used by defendant were not understood or interpreted by the hearers thereof then present to mean as set forth in plaintiff's declaration; and that, at the time of the alleged speaking of the alleged slanderous words, the plaintiff was cross-examining the defendant as a witness called in behalf of the people against Charles H. Van Wagner, and that said plaintiff had been shown by the evidence on that examination to be the person who collected the money upon the note belonging to the Peerless Reaper Company, of which defendant is alleged to have been president, and for the embezzlement of which the said Charles H. Van Wagner was then under examination, and that he was at that time the attorney and pretended legal adviser of said Charles H. Van Wagner, and was at the time of such exam-ination, as aforesaid, by counseling said Charles H. Van Wagner, withholding and retaining a large sum of money in his (plaintiff's) possession from the said Peer-less Reaper Company, upon the pretext that said com-pany had damaged said Van Wagner by not furnishing him a pretended number of machines during the season for him to sell, and that such sum of money so retained in the hands of plaintiff belonged to the said Peerless Reaper Company, and was in amount, to wit, $1,000; and that such words, language, and statements made by the defendant to said plaintiff were made as a witness in court upon the trial of the cause, and were privileged.

The cause came on for trial on the 12th day of March, 1891, before a jury, and the plaintiff offered himself as a

witness in his own behalf, and, being sworn, the defendant by his attorney objected to any evidence being admitted under the declaration, or any evidence to prove slanderous words, on the ground that it was irrelevant and immaterial under the pleadings; that the declaration sets out no cause of action, because the words charged in the declaration do not amount to or charge any crime, and are not actionable in themselves, and no special damages are claimed; that the words themselves are simple, and, under any meaning which can be given them, do not convey any criminal intent or criminal action, or anything criminal whatever. The court sustained the objection, and directed a verdict for the defendant. Plaintiff brings the case here by writ of error, and the only question is whether the declaration sets out a cause of action.

It was said by Mr. Justice Clifford in *Pollard v. Lyon*, 91 U. S. 225, that—

"Oral slander, as a cause of action, may be divided into five classes, as follows:

"1. Words falsely spoken of a person which impute to the party the commission of some criminal offense involving moral turpitude for which the party, if the charge is true, may be indicted and punished.

"2. Words falsely spoken of a person which impute that the party is infected with some contagious disease, where, if the charge is true, it would exclude the party from society.

"3. Defamatory words falsely spoken of a person which impute to the party unfitness to perform the duties of an office or employment of profit, or the want of integrity in the discharge of the duties of such an office or employment.

"4. Defamatory words falsely spoken of a party which prejudice such party in his or her profession or trade.

"5. Defamatory words falsely spoken of a person which, though not in themselves actionable, occasion the party special damage."

The authorities are uniform that spoken words are defamatory without allegation of special damages when

the imputation cast by them on the plaintiff is so injurious that the court will presume without proof that his reputation has thereby been impaired, and the court will so presume when the words are spoken of him in the way of his profession. It was said by Ingraham, J., in *Fowles v. Bowen*, 30 N. Y. 24, that—

"Any charge of dishonesty against an individual in connection with his business, whereby his character in such business may be injuriously affected, is actionable. If spoken of him individually, and not in connection with his office or business, these words would not be actionable."

In this case the plaintiff sets up matters of inducement showing the circumstances under which the words were uttered, and expressly avers that they were spoken of and concerning his profession and employment as an attorney and counselor at law. Where such averments are made with respect to the language used by the defendant, it becomes a question of fact to be determined by a jury; and, where the plaintiff avers such fact, it is incumbent upon him to prove the truth of the averment in order to recover in the action. If it be true, as averred, that these words were spoken of and concerning the plaintiff in the way of his profession or employment, then the words are actionable in themselves, and it was unnecessary to aver special damages. The following authorities support this view: *Buck v. Hersey*, 31 Me. 558; *Rush v. Cavenaugh*, 2 Penn. St. 187; *McKee v. Wilson*, 87 N. C. 300; *Sumner v. Utley*, 7 Conn. 257; *Dole v. Van Rensselaer*, 1 Johns. Cas. 330; *Riggs v. Denniston*, 3 Id. 198; *Burtch v. Nickerson*, 18 Johns. 217; *Sewall v. Catlin*, 3 Wend. 291; *Mott v. Comstock*, 7 Cow. 654; *Fowles v. Bowen*, 30 N. Y. 24; *Larrabee v. Tribune Co.*, 36 Minn. 141 (30 N. W. Rep. 462); *Williams v. Smith*, 22 Q. B. Div. 134. We think the plaintiff was

entitled to introduce evidence to support, if he could, the averments contained in his declaration, and that the court erred in refusing to permit any testimony to be given.

The judgment must be reversed, and a new trial ordered.

The other Justices concurred.