## SWAGMAN v. SWIFT AND COMPANY.

1. LIBEL AND SLANDER—SPECIAL DAMAGES—SLANDER PER SE—PLEADING.

   Special damages need not be alleged or proved where words constitute slander *per se*.

2. SAME—SLANDER PER SE.

   The words "crook" or "crooked" alone are not slanderous *per se*.

3. SAME—PROFESSION AND EMPLOYMENT—PLEADING—SPECIAL DAMAGES.

   Slanderous words spoken of and concerning one's profession and employment are actionable in themselves and it is not necessary to aver special damages.

4. SAME—PLEADING—PROFESSION AND EMPLOYMENT.

   A complaint which expressly avers that slanderous words were spoken of and concerning one's profession and employment states a cause of action for jury determination.

5. SAME—PROFESSION AND EMPLOYMENT—GENERAL DAMAGES.

   A complaint which fails to allege that words were spoken of and concerning one's profession or employment fails to state a cause of action for which general damages may be recovered.

6. SAME—PROFESSION OR OCCUPATION—DAMAGES.

   All charges of disreputable or criminal conduct tend to injure every man in his profession, trade, or occupation, but the law does not permit recovery therefor unless the words be spoken of him in regard to such profession, trade, or occupation, and loss is alleged and proved.

7. SAME—BUSINESS OR PROFESSION—PLEADING—SPECIAL DAMAGES.

   All slanderous charges relating to one's business or profession entitle a plaintiff to recover general damages for injury to

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 3, 5–8] 33 Am Jur, Libel and Slander §§ 199–203, 243.
[2] 33 Am Jur, Libel and Slander §§ 17, 31.
  Libel and slander: charge of being a "crook." 1 ALR3d 844.
[4, 10] 33 Am Jur, Libel and Slander § 73 *et seq.*
[9, 11] 41 Am Jur, Pleading § 340 *et seq.*

feelings and reputation, but no additional recovery may be had unless plaintiff alleges and proves special damages.

8. SAME—PLEADING.

A complaint based upon alleged slander is fatally defective where it fails to allege that such slander was connected with plaintiff's profession or employment and also fails to plead special damages.

9. SAME—SUMMARY JUDGMENT.

Summary judgment for defendant in action for slander, brought by plaintiff against his former employer, *held*, proper, where the claimed slander in the statements "has Swagman pulled any shady deals here too?" and "was he a little on the crooked side here too?" were not accompanied by an allegation that the statements were made concerning plaintiff's occupation or by an allegation of special damages, since general damages may be recovered only where the statements constitute slander *per se*, and there was no allegation of slander *per se* absent an allegation that the statements were made in connection with plaintiff's profession or employment.

10. PLEADING—MENTAL SUFFERING.

Written statements by an employer indicating that plaintiff improperly performed his job and failed to follow instructions *held*, as a matter of law, inadequate to support a claim for mental suffering.

11. JUDGMENT—SUMMARY JUDGMENT—MENTAL SUFFERING.

Summary judgment with respect to that portion of plaintiff's complaint seeking damages for mental suffering *held*, proper, where based solely upon allegations that defendant employer made certain written statements indicating that plaintiff improperly performed his job and failed to follow instructions where such statements, as a matter of law, were inadequate to support a claim for mental suffering.

Appeal from Ingham; Coash (Louis E.), J. Submitted Division 2 February 9, 1967, at Lansing. (Docket No. 2,080.) Decided September 19, 1967. Leave to appeal granted December 12, 1967, and case remanded with directions. 379 Mich 791.

Complaint by Benjamin E. Swagman against Swift and Company, an Illinois corporation, doing

business in Michigan as Swift and Company Ice
Cream Division, for damages as the result of al-
leged slander and for mental suffering. Sum-
mary judgment for defendant. Plaintiff appeals.
Affirmed.

*Lee G. Sheffer* (*Larry D. Fowler,* of counsel), for
plaintiff.

*Paul C. Younger,* for defendant.

J. H. Gillis, J. Plaintiff, Benjamin E. Swagman,
appeals from a summary judgment granted to de-
fendant, Swift and Company, on June 13, 1966, in
the Ingham county circuit court. Plaintiff's appeal
centers upon counts 4, 5 and 7 of his third amended
complaint dated March 30, 1964, which plaintiff
contends raised factual issues that were improperly
disposed of by summary judgment pursuant to
GCR 1963, 117.

Counts 4 and 5 of the amended complaint present
substantially similar questions and will therefore
be considered together. Count 4 states that on
June 12, 1963, in the presence of Robert W. Love,
Mr. W. L. Gooch, acting in the capacity of manage-
ment for the defendant, uttered the following de-
famatory words: "Has Swagman pulled any shady
deals here too?" Count 5 concerns a statement also
allegedly made on June 12, 1963, by Mr. O. J.
Salisbury, acting in the capacity of management
for the defendant, in the presence of one Paul
Thomas. The alleged defamatory words in this
instance were: "Was he a little on the crooked
side here too?" The only allegation of damage
pleaded in count 4 was that the statements caused
irreparable injury to plaintiff's character and repu-
tation in the community. Count 5 was even more

limited in its allegation of damage, *i.e.*, "causing irreparable injury to plaintiff's reputation."

It is well established that where words constitute slander *per se*, special damages need not be alleged or proved. See *Newman* v. *Stein* (1889), 75 Mich 402. On appeal, plaintiff agrees that the words "crook" or "crooked" alone are not slanderous *per se* but that "the words must be examined in the light of the total attendant circumstances; [and] that these circumstances are facts to be decided by a jury who hears the evidence and observes the witnesses."

Plaintiff's complaint recites that he was employed by defendant as a salesman. If the alleged slanderous words "were spoken of and concerning his profession and employment * * * then the words are actionable in themselves and it was unnecessary to aver special damages." *Mains* v. *Whiting* (1891), 87 Mich 172, 181. However, the *Mains Case* also states at p 181:

"In this case the plaintiff * * * expressly avers that they [the words] were spoken of and concerning his profession and employment * * * . Where such averments are made * * * it becomes a question of fact to be determined by a jury."

The instant case is distinguishable from *Mains* in that the complaint and amended complaint fail to allege that the words were spoken of and concerning his employment. The complaint must allege a connection between the alleged slander and plaintiff's profession and absent this connection, the complaint is fatally defective.

The case of *Smedley* v. *Soule* (1900), 125 Mich 192, 197, 198, is directly in point with the instant case and is therefore quoted extensively:

7 Mɪᴄʜ App 608.

"It is common in all actions for libel and slander for the plaintiff to allege not only his good name, et cetera, as a citizen, but also to allege his business or profession; and the mere fact that such occupation or business is stated in the declaration is not sufficient to justify the inference that the libelous or slanderous article was uttered with reference to his particular business or profession, especially in the absence of any allegation that he has suffered pecuniary loss in his profession or business, but has only suffered loss in his good name, fame, and credit. What is there in such a declaration to notify a defendant that plaintiff claims injury to his profession or business, or that he would show pecuniary loss without alleging any, or that a jury should be turned loose in a realm of speculation to guess what loss in that direction plaintiff has sustained?

\* \* \*

"All charges of disreputable or criminal conduct tend to injure every man in his profession, trade, or occupation; but the law does not permit recovery therefor unless the words be spoken of him in regard to such profession, trade, or occupation, and loss is alleged and proved. Every such plaintiff can recover for injury to feelings and damage to his reputation. If he desires to go beyond this, it is a wholesome rule to require him to connect the libelous charge by the proper colloquium with such profession, trade, or occupation, and to allege special damages."

Counts 4 and 5 contain no allegation that the words complained of were spoken of plaintiff in relation to his occupation. Therefore, they do not constitute slander *per se* and are not actionable without a showing of special damages. Since the plaintiff has not alleged any special damage, his complaint in respect to counts 4 and 5 must fail. The trial court correctly granted summary judgment as to these counts.

Plaintiff also contends that count 7 sets forth written statements made by defendant which are sufficient to support a cause of action for "psychological injury." In essence, these statements allege that plaintiff improperly performed his job and failed to follow instructions. As a matter of law, such statements are inadequate to support a claim for mental suffering and the trial court correctly granted defendant's motion for summary judgment.

Judgment affirmed. Costs to appellee.

HOLBROOK, P. J., and FITZGERALD, J., concurred.