### CROTON v GILLIS

Docket No. 46745. Submitted June 16, 1980, at Lansing.—Decided March 3, 1981.

Richard A. Croton was an Isabella county deputy sheriff until he was discharged by defendant, Donald F. Gillis, the Isabella County sheriff at that time. The reason for dismissal was stated to be plaintiff's attitude and inability to work with fellow officers. Plaintiff brought a defamation action in Isabella Circuit Court, claiming that defendant's statements, which were published in the newspaper and broadcast over the radio, defamed him. Plaintiff sought to recover general damages. Defendant filed a motion for summary judgment on five separate grounds, the first being that defendant's statements were, as a matter of law, not defamatory. The court granted the motion for summary judgment on the first ground, finding that the statements did not constitute libel per se and that plaintiff, by omitting allegations of special damages from his pleadings, had failed to properly allege libel *per quod,* Tyrone Gillespie, J. The court authorized plaintiff to file an amended complaint, which he did, and summary judgment was again granted in favor of defendant for failure to allege special damages. Plaintiff appeals from the order granting summary judgment and

REFERENCES FOR POINTS IN HEADNOTES

[1] 50 Am Jur 2d, Libel and Slander §§ 1, 3.

[2] 50 Am Jur 2d, Libel and Slander §§ 141, 142.

[3] 50 Am Jur 2d, Libel and Slander § 417.

[4] 50 Am Jur 2d, Libel and Slander § 102 *et seq.*

Words reflecting upon one's character as employee as actionable per se. 6 ALR2d 1008.

[5] 50 Am Jur 2d, Libel and Slander §§ 192-194.

[6] 50 Am Jur 2d, Libel and Slander §§ 195-199, 415.

What constitutes actual malice, within federal constitutional rule requiring public officials and public figures to show actual malice. 20 ALR3d 988.

Who is a public official or otherwise within the federal constitutional rule requiring public officials to show actual malice. 19 ALR3d 1361.

[7] 29 Am Jur 2d, Evidence § 209.

50 Am Jur 2d, Libel and Slander § 149.

defendant cross-appeals for review of the trial court's rejection of his four additional grounds raised in his initial motion for summary judgment. *Held:*

1. Plaintiff's pleadings do contain sufficient allegations to make out a complaint for libel per se. The trial court erred in dismissing plaintiff's complaint for failure to allege special damages. The case must be remanded for trial.

2. The trial court properly rejected defendant's four additional grounds for summary judgment.

Reversed in part, affirmed in part, and remanded.

1. LIBEL AND SLANDER — HARM TO INDIVIDUAL'S REPUTATION — COMMUNICATIONS.

A communication is defamatory if it tends to harm an individual's reputation so as to lower him in the estimation of the community or deter others from associating with him.

2. LIBEL AND SLANDER — EVIDENCE — PUBLISHED ARTICLES.

A published article must be read as a whole and fairly and reasonably construed in determining whether a portion is libelous in character.

3. LIBEL AND SLANDER — SLANDER PER SE — SPECIAL DAMAGES.

Special damages need not be alleged or proved where words spoken constitute slander per se.

4. LIBEL AND SLANDER — SLANDER PER SE — PROFESSION OR EMPLOYMENT.

Slander per se exists where the words spoken are false and malicious and are injurious to a person in his profession or employment.

5. LIBEL AND SLANDER — ABSOLUTE PRIVILEGE — DEFAMATORY REMARKS IN EXECUTIVE COMMUNICATIONS.

The scope of absolute privilege to publish otherwise defamatory remarks is narrowly construed and does not generally encompass executive communications made in the course of official duties.

6. LIBEL AND SLANDER — QUALIFIED PRIVILEGE — ACTUAL MALICE — SUMMARY JUDGMENT — COURT RULES.

A plaintiff in a defamation action where the defendant possesses a qualified privilege to publish otherwise defamatory remarks must present factual allegations of actual malice on the part of the defendant sufficient to establish the existence of a genuine issue of material fact in order to avoid summary judgment (GCR 1963, 117.2[3]).

7. Libel and Slander — Consent to Publish — Standard of Care.

    Consent to publish defamatory remarks need not be express but may be inferred from the conduct and state of mind of the person making the statement, and one in a public position, having frequent contact with newspapers and reporters, may be held to a greater knowledge of their habits of obtaining and publishing such statements than one in a secluded station in life.

*Starr & Cornell,* for plaintiff.

*Dilley, Dewey & Waddell* (by *Jonathan S. Damon),* for defendant on appeal.

Before: Danhof, C.J., and M. F. Cavanagh and J. H. Piercey,* JJ.

J. H. Piercey, J. Plaintiff, a deputy sheriff for Isabella County from December 9, 1975, until his discharge on December 24, 1976, filed a two-count complaint against defendant, the sheriff for Isabella County during that period. Count I, which contained an allegation of wrongful discharge, was subsequently dismissed and is not involved in this appeal. Count II alleged that Sheriff Gillis defamed plaintiff by his statements to a staff writer for the Daily Times News in Mt. Pleasant which were published in that newspaper on Wednesday, December 29, 1976, and were repeated in radio broadcasts. Plaintiff sought to recover general damages allegedly suffered thereby.

The newspaper article contained comments of plaintiff regarding his intent to seek review of his discharge from employment, his excellent arrest record, and his belief that he was fired for political reasons. Defendant's comments, of which plaintiff complains, appeared in the article as follows:

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

"Croton was dismissed because of his attitude and his inability to work with fellow officers, Gillis said. Croton was a good police officer and did not fail in peforming his duties, Gillis stressed.

" 'You've got to be able to have your men work together,' he said. Gillis said Croton's work with the department was carefully studied and reviewed before he decided to dismiss him."

On June 7, 1978, defendant filed a motion for summary judgment on five separate grounds. The first ground was that defendant's statements were, as a matter of law, not defamatory. On August 8, 1978, a hearing was held before the Honorable Tyrone Gillespie, acting circuit court judge for Isabella County. On June 5, 1978, the lower court issued a six-page opinion granting the motion for summary judgment on the first of the five grounds. The lower court found that the statements did not constitute libel per se, and that plaintiff, by omitting allegations of special damages from his pleadings, had failed to properly allege libel *per quod.* However, the lower court authorized plaintiff to file an amended complaint of libel and slander and for the purpose of specifically pleading special damages in support of his claim of libel *per quod.*

Plaintiff did file an amended complaint on September 20, 1978. Defendant renewed his motion for summary judgment and a further hearing was held on October 11, 1978. On June 29, 1979, the lower court issued a second opinion in which it affirmed its earlier decision and held that, because plaintiff's amended complaint failed to allege special damages, summary judgment would be granted. Plaintiff appeals from the order granting summary judgment and defendant has filed a cross-appeal for review of the lower court's rejection of the four additional grounds raised in his initial motion for summary judgment.

APPEAL

Plaintiff contends that the trial judge erred in granting summary judgment on the ground that he failed, as a matter of law, to allege libel per se. In *Tumbarella v The Kroger Co*, 85 Mich App 482, 493; 271 NW2d 284 (1978), the Court of Appeals defined defamation as follows:

"A communication is defamatory if it tends to harm an individual's reputation so as to lower him in the estimation of the community or deter others from associating with him. *Iacco v Bohannon*, 70 Mich App 463; 245 NW2d 791 (1976)."

In *Sanders v Evening News Ass'n*, 313 Mich 334, 340; 21 NW2d 152 (1946), the Court held that a published article must be read as a whole and fairly and reasonably construed in determining whether a portion is libelous in character.

In *Swagman v Swift & Co*, 7 Mich App 608, 611; 152 NW2d 562 (1967), the Court of Appeals stated:

"It is well established that where words constitute slander *per se*, special damages need not be alleged or proved. See *Newman v Stein* (1889), 75 Mich 402."

The Court further held that slander per se exists where the words are spoken of and concerning the person's profession and employment. See also *Smedley v Soule*, 125 Mich 192; 84 NW 63 (1900), *Mains v Whiting*, 87 Mich 172; 49 NW 559 (1891), *Newman v Stein*, 75 Mich 402; 42 NW 956 (1889).

In *Henkel v Schaub*, 94 Mich 542, 547-548; 54 NW 293 (1893), the Court stated:

"The rule is well stated in Newell on Defamation, Slander, and Libel (at page 181), as follows:
" 'When language is used concerning a person, or his

affairs, which, from its nature, necessarily must, or [presumably] will, as its natural and proximate consequence, occasion him pecuniary loss, its publication *prima facie* constitutes a cause of action, and *prima facie* constitutes a wrong, without an allegation or evidence of damage, other than that which is implied or presumed from the fact of publication; and this is all that is meant by the terms "actionable *per se,*" etc. Therefore the real, practical test by which to determine whether special damage must be alleged and proven in order to make out a cause of action for defamation is whether the language is such as necessarily must, or naturally and presumably will, occasion pecuniary damage to the person of whom it is spoken.'

\* \* \*

"Words, spoken or written, injurious to a person in his business, which are false and malicious, are actionable *per se,* and special damages need not be alleged or proved. *Haney Manfg Co v Perkins,* 78 Mich 1; *Oliver v Perkins,* 92 Mich 304."

In the present case, a reasonable construction of the complained-of statements is that plaintiff had a bad attitude in his job and that plaintiff was unable to meet what defendant inferred was a necessary requirement of his job—that of working with fellow officers. Defendant's statement that plaintiff was a good police officer and did not fail in his duties had little mitigating effect in view of the fact that that was not enough to dissuade defendant, after a careful review of the circumstances, from dismissing plaintiff. The natural and proximate consequence of these statements is to deter other law enforcement agencies from hiring plaintiff. Therefore, plaintiff's pleadings do contain sufficient allegations to make out a complaint for libel per se. Compare *Andres v Williams,* 405 A2d 121 (Del, 1979), and *Jacobs v Transcontinental & Western Air, Inc,* 216 SW2d 523 (Mo, 1949). Accordingly, the trial court erred in dismissing plain-

tiff's complaint for failure to allege special damages. The present case must be remanded for trial.

## CROSS-APPEAL

Defendant contends that the trial court should have granted summary judgment on the ground that his comments were absolutely privileged. This Court disagrees. The scope of absolute privilege in Michigan has been narrowly construed and does not generally encompass executive communications made in the course of official duties. *Raymond v Croll,* 233 Mich 268; 206 NW 556 (1925), *Walker v Cahalan,* 97 Mich App 346; 296 NW2d 18 (1980), *Parks v Johnson,* 84 Mich App 162; 269 NW2d 514 (1978), *Tocco v Piersante,* 69 Mich App 616; 245 NW2d 356 (1976). Defendant, if he had any privilege to comment as he did, had merely a qualified privilege. See *New York Times Co v Sullivan,* 376 US 254; 84 S Ct 710; 11 L Ed 2d 686 (1964), and the discussion *infra.* The trial court so ruled, and, accordingly, plaintiff was required to present factual allegations of actual malice on the part of defendant, sufficient to establish the existence of a genuine issue of material fact, in order to avoid summary judgment. GCR 1963, 117.2(3), *Walker, supra.* See also *Rizzo v Kretschmèr,* 389 Mich 363; 207 NW2d 316 (1973), *Zimmerman v Stahlin,* 374 Mich 93, 96; 130 NW2d 915 (1964), *Hayes v Booth Newspapers, Inc,* 97 Mich App 758; 295 NW2d 858 (1980), *Peisner v Detroit Free Press, Inc,* 82 Mich App 153; 266 NW2d 693 (1978).

Although plaintiff's amended complaint presents an unsupported allegation that defendant acted maliciously and with knowledge of the statement's falsity, other documentary evidence filed by plaintiff in this action does provide factual support for

his allegation of actual malice sufficient to avert summary judgment. See GCR 1963, 117.3.

We reach a similar conclusion in regard to defendant's argument that summary judgment should have been granted on the ground that plaintiff was a public official and therefore that defendant's comments critical of plaintiff's official conduct were protected speech under the First Amendment of the United States Constitution. See *New York Times Co v Sullivan,* 376 US 254; 84 S Ct 710; 11 L Ed 2d 686 (1964). Since plaintiff came forward with sufficient evidence to establish the existence of a genuine issue of material fact as to whether or not defendant acted with actual malice, *New York Times Co, supra,* 279-280, the trial court properly refused to grant summary judgment on this ground. *Peisner, supra,* 158.

Defendant next contends that the trial court should have granted summary judgment on the ground that he was not responsible for the publication of his remarks made to the newspaper reporter. In the case of *In re Simmons,* 248 Mich 297; 226 NW 907 (1929), the Michigan Supreme Court indicated that consent to publish need not be express but may be inferred from the conduct and state of mind of the person making the statement. The Court also stated that:

"One in a public position, having frequent contact with newspapers and reporters, may be held to a greater knowledge of their habits of obtaining and publishing interviews than one in a secluded station in life." *Id.,* 304.

See also *Johnson v Gerasimos,* 247 Mich 248; 225 NW 636 (1929). Since in the present case the record available to the lower court as of the date of its summary judgment decision left open issues

of fact relevant to determination of defendant's responsibility for publication, it properly ruled that this question must be resolved at trial. GCR 1963, 117.2(3).

Defendant's final contention is that plaintiff's suit is barred by the doctrine of governmental immunity. MCL 691.1407; MSA 3.996(107). We disagree. Plaintiff's allegations of libel and malice are clearly sufficient to avoid summary judgment based on governmental immunity. *Galli v Kirkeby*, 398 Mich 527; 248 NW2d 149 (1976), *McCann v Michigan*, 398 Mich 65; 247 NW2d 521 (1976). The holdings in the preceding cases are not overruled by the recent decisions of the Michigan Supreme Court which have narrowed even further the scope of governmental immunity. *Parker v Highland Park*, 404 Mich 183; 273 NW2d 413 (1978), *Murray v Beyer Memorial Hospital*, 409 Mich 217; 293 NW2d 341 (1980). See also *Lockaby v Wayne County*, 406 Mich 65; 276 NW2d 1 (1979), *Bush v Oscoda Area Schools*, 405 Mich 716; 275 NW2d 268 (1979), *Antkiewicz v Motorists Mutual Ins Co*, 91 Mich App 389, 397, fn 3; 283 NW2d 749 (1979), *vacated on other grounds* 407 Mich 936 (1979), and *Armstrong v Ross Twp*, 82 Mich App 77; 266 NW2d 674 (1978).

Reversed in part, affirmed in part, and remanded for proceedings consistent with this opinion.