HERITAGE OPTICAL CENTER, INC v LEVINE

Docket No. 73280. Submitted April 10, 1984, at Detroit.—Decided October 1, 1984. Leave to appeal applied for.

Plaintiff, Heritage Optical Center, Inc., brought an action in the Wayne Circuit Court against defendant, Sheldon M. Levine, O.D., alleging tortious interference with business relationships and slander. Defendant brought a motion for summary judgment as to the slander count. The trial court, Sharon Tevis Finch, J., granted the motion and entered a final judgment on the slander count. The trial court stated that slander does not have anything to do with business, but instead concerns personal reputation. The trial court found that the statements alleged by plaintiff to be slanderous were not defamatory as a matter of law. Plaintiff appeals. *Held:*

1. A corporation may be defamed. In this case, plaintiff has pled a claim that is defamation per se. Defendant's alleged statements that the plaintiff was no longer in business or was incapable of doing business affects plaintiff's business reputation and its ability to do business. Those statements may be the basis for a cause of action for slander per se. Therefore, the trial court erred in finding otherwise.

2. The defendant's argument, with which the trial court agreed, that plaintiff's slander count was merely a restatement of plaintiff's tortious interference with business relationships claim is not meritorious. Where two torts overlap a plaintiff may bring an action in both torts as long as damages are not duplicated.

Reversed and remanded.

REFERENCES FOR POINTS IN HEADNOTES

[1] 61A Am Jur 2d, Pleading §§ 71 *et seq.,* 230 *et seq.*
[2] 50 Am Jur 2d, Libel and Slander § 146.
[3] 50 Am Jur 2d, Libel and Slander § 1.
[4] 50 Am Jur 2d, Libel and Slander §§ 9-11, 102.
[5, 6, 8] 50 Am Jur 2d, Libel and Slander § 315.
[7] 50 Am Jur 2d, Libel and Slander § 11.
[9] 1 Am Jur 2d, Actions § 151.
  22 Am Jur 2d, Damages § 267.

1. JUDGMENTS — SUMMARY JUDGMENT — FAILURE TO STATE CLAIM.

   A motion for summary judgment based upon a claim that the opposing party has failed to state a claim upon which relief can be granted tests the adequacy of the pleadings; the reviewing court must accept the facts as pleaded as true and, before granting the motion, must be satisfied that the allegations are clearly unenforceable as a matter of law and that no factual proof could justify a right to recovery (GCR 1963, 117.2[1]).

2. LIBEL AND SLANDER — FALSE STATEMENTS — DEFAMATORY STATEMENTS.

   A person creates liability for slander by making an unprivileged publication of a false and defamatory statement about another.

3. LIBEL AND SLANDER — REPUTATION.

   A publication is defamatory if it tends to harm the reputation of another by lowering that person's estimation within the community or by deterring third persons from associating or dealing with that person.

4. LIBEL AND SLANDER — DEFAMATION — PROFESSION OR EMPLOYMENT.

   False and malicious statements injurious to a person in his or her business are actionable per se and special damages need not be alleged or proved.

5. LIBEL AND SLANDER — CORPORATIONS.

   A corporation's reputation in a personal sense cannot be defamed, rather, language which casts an aspersion upon its honesty, credit, efficiency or other business character may be actionable.

6. LIBEL AND SLANDER — CORPORATIONS.

   One who publishes defamatory matter concerning a corporation is subject to liability to it (a) if the corporation is one for profit, and the matter tends to prejudice it in the conduct of its business or deter others from dealing with it, or (b) if, although not for profit, it depends upon financial support from the public, and the matter tends to interfere with its activities by prejudicing it in public estimation.

7. LIBEL AND SLANDER — LIBEL PER SE — CORPORATIONS.

   Libel per se occurs where a libel contains an imputation upon a corporation in respect to its business, its ability to do business and its methods of doing business.

8. LIBEL AND SLANDER — CORPORATIONS.

Statements that a corporation is no longer in business or is incapable of doing business affect the corporation's business reputation and its ability to do business and may be the basis for a cause of action for slander per se.

9. TORTS — OVERLAPPING TORTS — DAMAGES.

A plaintiff may bring an action in both torts where two torts overlap; however, damages may not be duplicated.

*Allen N. Davey,* for plaintiff.

*Jenkins, Nystrom, Hitchcock, Parfitt & Nystrom* (by *Jeannette A. Paskin),* for defendant on appeal.

Before: HOOD, P.J., and M. J. KELLY and R. C. LIVO,* JJ.

HOOD, P.J. Plaintiff appeals as of right from the trial court's order which granted defendant's motion for partial summary judgment. GCR 1963, 117.2(1). We reverse.

On January 25, 1982, plaintiff filed this suit alleging that Dr. Levine tortiously interfered with its business relationships. Dr. Levine offered professional refracting services on plaintiff's premises from July, 1975, through November, 1980. After November, 1980, Dr. Levine continued his professional services at his own facilities. Plaintiff alleged that while associated with it, Dr. Levine acquired its client list and, after his association ended, telephoned plaintiff's clients to persuade them to terminate their relationships with plaintiff by use of false, malicious and fraudulent representations, *i.e.,* that plaintiff had moved its office and/or was closed, out of business, and unable to furnish goods and services.

On March 24, 1983, the trial court signed an order allowing plaintiff to amend its complaint to

---

* Circuit judge, sitting on the Court of Appeals by assignment.

add a slander count. Within two weeks, plaintiff did file a first amended complaint in which it alleged:

"Defendant, well-knowing the premises, but maliciously and wrongfully contriving and intending to injure and destroy plaintiff's good name, credit and reputation in said business, and to cause plaintiff to be regarded as having no credit, substance or worth, and in insolvent circumstances, defendant, by way of the telephone did communicate to persons, maliciously and wrongfully, spoke and published false, defamatory, malicious and slanderous words concerning plaintiff, its business and circumstances that the office had closed and/or moved and was no longer capable to performing the services that was indeed its business. The words spoken by defendant were false and were known by defendant to be false; and by reason of speaking and publishing thereof by defendant, or its agents, as aforesaid, plaintiff has been greatly injured in its good name, credit and reputation and in its business; that by reason of the speaking and publishing of said words, plaintiff has been deprived of an unknown number of business opportunities and referral business which otherwise might and would have accrued to plaintiff in its said business."

In his motion for summary judgment on the slander count, defendant argued that plaintiff had not stated a claim because, "[t]he statements as set forth by plaintiff lack the element of personal disgrace necessary for defamation". Defendant argued that plaintiff's slander claim was merely a restatement of its tortious interference claim.

At the hearing on defendant's motion, the trial court said that slander does not have anything to do with business, but instead with personal reputation. The trial court found that the statements alleged by plaintiff to be slanderous were not

defamatory as a matter of law and granted the motion.

A GCR 1963, 117.2(1) motion tests the adequacy of the pleadings. Before granting such a motion, the reviewing court must be satisfied that the allegations are clearly unenforceable as a matter of law and that no factual proof could justify a right to recovery. The reviewing court must accept the facts as pleaded as true. *Abel v Eli Lilly & Co,* 418 Mich 311, 323-324; 343 NW2d 164 (1984).

A person creates liability for slander by making an unprivileged publication of a false and defamatory statement about another. *Jones v Schaeffer,* 122 Mich App 301, 304; 332 NW2d 423 (1982); *Postill v Booth Newspapers, Inc,* 118 Mich App 608, 618; 325 NW2d 511 (1982), *lv den* 417 Mich 1050 (1983). A publication is defamatory if it tends to harm the reputation of another by lowering that person's estimation within the community or by deterring third persons from associating or dealing with that person. *Nuyen v Slater,* 372 Mich 654, 662; 127 NW2d 369 (1964); *Tumbarella v Kroger Co,* 85 Mich App 482, 493; 271 NW2d 284 (1978), *lv den* 406 Mich 939 (1979). False and malicious statements injurious to a person in his or her business are actionable per se, and special damages need not be alleged or proved. *Henkel v Schaub,* 94 Mich 542, 548; 54 NW 293 (1893); *Croton v Gillis,* 104 Mich App 104, 108; 304 NW2d 820 (1981).

A corporation may be defamed:

"One who publishes defamatory matter concerning a corporation is subject to liability to it

"(a) if the corporation is one for profit, and the matter *tends to prejudice it in the conduct of its business or to deter others from dealing with it,* or

"(b) if, although not for profit, it depends upon finan-

cial support from the public, and the matter tends to interfere with its activities by prejudicing it in public estimation." 3 Restatement Torts, 2d, § 561, p 159. (Emphasis added.)

A corporation's reputation in a personal sense cannot be defamed. Rather, "language which casts an aspersion upon its honesty, credit, efficiency or other business character may be actionable". Prosser, Torts (4th ed), § 111, p 745. "[W]here a libel contains an imputation upon a corporation in respect to its business, *its ability to do business,* and its methods of doing business, the same becomes libelous per se." *Diplomat Electric, Inc v Westinghouse Electric Supply Co,* 378 F2d 377, 383 (CA 5, 1967), citing *Maytag Co v Meadows Mfg Co,* 45 F2d 299, 302 (CA 7, 1930). (Emphasis added.)

In this case, plaintiff has pled a claim that is defamation per se. A statement that a corporation is no longer in business or is incapable of doing business affects that corporation's business reputation and its ability to do business. Those statements may be the basis for a cause of action for slander per se. Therefore, the trial court erred by finding otherwise.

We also find that defendant's argument, with which the trial court agreed, that plaintiff's slander count was merely a restatement of plaintiff's tortious interference with business relationships claim is not meritorious. Where two torts overlap a plaintiff may bring an action in both torts as long as damages are not duplicated. *Kollenberg v Ramirez,* 127 Mich App 345, 353; 339 NW2d 176 (1983); *Wilkerson v Carlo,* 101 Mich App 629, 635-636; 300 NW2d 658 (1980), *lv den* 411 Mich 984 (1981).

Reversed and remanded.