CITY OF HUNTINGTON WOODS V CITY OF OAK PARK, No. 152035; reported below: 311 Mich App 96. The parties shall file supplemental briefs within 42 days of the date of this order addressing: (1) whether, in the absence of an agreement for joint funding of a district court in districts of the third class where the court sits in only one political subdivision, all district funding units within the district have an independent obligation to fund the court; (2) whether the parties in this case agreed that the 45th District Court would be funded entirely by the City of Oak Park; and (3) whether revenue from fees collected for building operations and retiree benefits is subject to revenue sharing under MCL 600.8379(1)(c). The parties should not submit mere restatements of their application papers.

*Summary Disposition February 3, 2016:*

LAKIN V RUND, No. 151367; Court of Appeals No. 323695. Pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we remand this case to the Court of Appeals for consideration as on leave granted. The Court of Appeals shall consider (1) whether publication of an allegedly false and defamatory statement imputing to another conduct constituting the criminal offense of battery is actionable irrespective of special harm, see, e.g., *Mains v Whiting*, 87 Mich 172, 180 (1891); *Taylor v Kneeland*, 1 Doug 67, 72 (1843) (holding that words charging a person with a crime are not actionable per se unless the crime involves moral turpitude or would subject the person to an infamous punishment); and (2) whether the statement at issue in this case imputed to the plaintiff the criminal offense of battery.